IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

DRAKE V. ALLEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

HEATHER A. DRAKE, APPELLEE,

V.

DALE L. ALLEN II, APPELLANT.

Filed July 12, 2022.    No. A-21-634.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

No appearance for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Dale L. Allen appeals the order of the district court for Platte County confirming the registration of a foreign support order. Allen alleges that the district court did not have the jurisdiction to confirm the registration, that the court improperly received an exhibit over his hearsay objection, and that he was not served in the original child support action. For the reasons contained herein, we affirm.

## STATEMENT OF FACTS

On October 26, 2020, the clerk of the district court entered a notice of registration of a parentage and child support order entered in Oklahoma on April 22, 2014. Attached to the notice of registration was a transmittal request from the Oklahoma Department of Human Services to the Nebraska Central Registry concerning Allen's child support obligation; the support order directed to Allen and issued by Oklahoma's Office of Administrative Hearings; and Allen's child support

payment record from the State of Oklahoma. We note that the payment record included in the registration was unsigned and uncertified.

On November 4, 2020, Allen filed a request for hearing pursuant to Neb. Rev. Stat. § 42-741 (Reissue 2016) to contest and vacate the notice of registration of order. Allen's request also specifically asserted defenses set forth in Neb. Rev. Stat. § 42-742(a)(1), (a)(2), and (a)(5) (Reissue 2016).

An evidentiary hearing was held on January 11, 2021. Allen did not appear, but his counsel offered two affidavits; one authored by Allen and another by Allen's girlfriend in 2014. Both affidavits stated that Allen was in Nebraska on March 12, 2014, and thus could not have been served with process in Oklahoma on that date. The affidavits were received without objection.

The State called Rebecca Zulkoski, a child support enforcement worker for the Platte County attorney's office. Zulkoski testified that she received a request from the Nebraska Central Office registry to register an Oklahoma support order related to Allen. Zulkoski filed the request to register with the district court. Zulkoski identified the exhibits that were also filed with the notice of registration in district court, including the transmittal request from the Oklahoma Department of Human Services to the Nebraska Central Registry; the support order issued by Oklahoma's Office of Administrative Hearings; and a child support payment record from the State of Oklahoma. The transmittal letter and foreign order were received without objection. Allen objected to the payment record as evidence that Allen had notice of the Oklahoma order. The payment record was received as evidence of child support payments received and amounts accrued.

Zulkoski was also asked to identify an affidavit of service, which reflected that Allen had been served in the original child support action at an address in Oklahoma City on March 12, 2014. Zulkoski requested the affidavit of service from Allen's Oklahoma caseworker after Allen called Zulkoski and reported that he had never been served in the original action. Allen objected to the service processor's affidavit on the basis of hearsay and the district court took the exhibit under advisement. While Allen did not object to the affidavit's authentication, we observe that the affidavit is neither notarized nor certified.

The evidentiary hearing was continued to February 25, 2021. The State again called Zulkoski. Zulkoski testified that following the January 11 hearing, the State requested that she obtain a certified copy of the affidavit of service from Allen's Oklahoma caseworker. However, the caseworker informed Zulkoski that she could not obtain a certified copy of the affidavit of service because the proceeding had been administrative, rather than judicial. However, the caseworker did provide Zulkoski with a certified copy of the order for support and a certified copy of the payment record, as both documents were a part of the administrative court file. Both documents were offered.

The certified copy of the order for support was received by the court without objection, however Allen objected to the reoffered copy of the payment record because it "look[ed] like a copy," and because the record was not relevant to whether Allen was ever served. The district court noted that the payment record did not seem to bear a seal which the court could feel, but took the objection to the record under advisement.

Allen then presented testimony on his own behalf. He testified that in 2014, between Valentine's Day and April 1, he was residing with a girlfriend in Lincoln, Nebraska. During this

time period, Allen only traveled to Oklahoma on weekends to exercise visitation with his children who resided there. Allen claimed he was not in Oklahoma between Monday and Thursday, from February 2014 to April. He further testified that he had never been served with process related to the original child support action in this case.

However, during Allen's cross examination, he conceded that he had appeared at court hearings in Oklahoma in an unrelated matter on weekdays. Specifically, Allen had appeared in Oklahoma on Thursday, February 6; Thursday, March 13; and Tuesday, April 1. Upon the district court's specific questioning, Allen also testified that he was familiar with the address listed on the affidavit of service. He identified the address as the home of his friend's mother and noted that he "spent a lot of time at the house on the weekends."

Allen's former girlfriend, with whom he lived in early 2014, provided testimony which was consistent with Allen's.

On March 19, 2021, the district court entered an order confirming registration. The court found that the certified copy of the payment record would be received over Allen's objection. However, the payment record was received only for the purpose of "establishing that there is a child support arrearage as reflected by the Oklahoma records."

The district court further noted that while the affidavit of service was not certified, testimony was offered to show that Oklahoma officials were unable to provide a certified copy due to the administrative nature of the proceedings. Additionally, the affidavit bears a file stamp dated April 12, 2014, from the Oklahoma Office of Administrative Hearings. Because the caption and case number on the affidavit were consistent with other documents filed in Oklahoma in the original action, the court found the affidavit to be properly recorded and that there was no reasonable suspicion regarding its authenticity. Thus, the affidavit of service was received. The court did not address Allen's hearsay objection.

After makings its evidentiary findings, the district court concluded that Allen had failed to meet his burden of proving one or more of the defenses set forth in § 42-742(a). The court noted that while Allen had testified that he was not in Oklahoma on the date listed in the affidavit of service, March 12, 2014, on cross examination it "was established that [Allen] might be a bit mistaken. . . ." Further, Allen testified that he was familiar with the address identified on the affidavit of service. Because Allen could not prove a defense, the court confirmed the registration of the foreign support order.

Allen appeals.

ASSIGNMENTS OF ERROR

Allen assigns, reordered and restated, that the district court erred by (1) finding it had jurisdiction to confirm the registration, as the statutory registration procedures were not followed; (2) receiving an exhibit over Allen's hearsay objection; and (3) finding that Allen had been properly served in the original action.

STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's; however, when a determination rests on factual findings, a trial

court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly incorrect. *Valley Boys v. American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020).

Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds. *Baker-Heser v. State*, 309 Neb. 979, 963 N.W.2d 59 (2021).

ANALYSIS

*Alleged Procedural Defects.*

Allen argues that the district court erred in confirming the registration of the order of support because the applicable statutory registration procedures were not followed.

Neb. Rev. Stat. § 42-737(a) (Reissue 2016) sets forth the procedure to register a foreign support order, should the obligor contest the validity or administrative enforcement of the order. See also Neb. Rev. Stat. § 42-735(b) (Reissue 2016). The statute states in relevant part:

(a) Except as provided in section 42-748.06, a support order or an income withholding order of another state or a foreign support order may be registered in this state by sending the following records to the appropriate tribunal in this state:

(1) a letter of transmittal to the tribunal requesting registration and enforcement;

(2) two copies, including one certified copy, of the order to be registered, including any modification of the order;

(3) a sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage;

(4) the name of the obligor and, if known:

(A) the obligor's address and social security number;

(B) the name and address of the obligor's employer or other payor and any other source of income of the obligor; and

(C) a description and the location of property of the obligor in this state not exempt from execution; and

(5) except as otherwise provided in section 42-725, the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.

We first address Allen's argument that the § 42-737(a) registration procedure must be followed in order for the district court to have subject matter jurisdiction to confirm the registration.

We find no Nebraska statutes or appellate case law which hold that compliance with the § 42-737(a) procedures is jurisdictional. We also find Allen's argument to be inconsistent with Neb. Rev. Stat. § 42-741 (Reissue 2016), which outlines the procedure to contest the validity or enforcement of a registered support order. Section 42-741 states that "[t]he nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to section 42-742." See § 42-741. While § 42-742(a) includes "the issuing tribunal lacked personal jurisdiction over the contesting party" as a defense to registration, the

- 4 -

statute does not contemplate a lack of subject matter jurisdiction of the registering tribunal caused by a procedurally deficient registration as a defense.

Moreover, we find the case law upon which Allen relies to be inapplicable to this case. Allen cites to a case in which a father attempted to register a Florida child support order in Kansas, but failed to include a certified copy of the Florida order. See *Chalmers v. Burrough*, 58 Kan. App. 2d 531, 472 P.3d 586 (2020). The Court of Appeals of Kansas held that the failure of the father to include any copy of the Florida support order, a procedural requirement, deprived the trial court of subject matter jurisdiction. *Id*. However, we note that the Supreme Court of Kansas later reversed this decision, finding that not meeting the procedural requirements for the registration of a foreign support order "does not necessarily create a jurisdictional void." *Chalmers v. Burrough*, 314 Kan. 1, 9, 494 P.3d 128, 133 (2021). Allen also cites to a case from North Carolina, which involved the Uniform Child Custody Jurisdiction and Enforcement Act, rather than the Uniform Interstate Family Support Act at issue in Allen's case. See *Hamdan v. Freitekh*, 271 N.C. App. 383, 844 S.E.2d 338. Thus, we conclude that the district court had subject matter jurisdiction, despite Allen's allegation that the procedures in § 42-737(a) were not followed. We next discuss whether the § 42-737(a) procedures were, in fact, followed.

Allen asserts that the registration contained "no letter of transmittal from the person requesting registration, there was no certified copy of the order to be registered, and there was no sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage." Brief for appellant at 9. These documents correspond to the requirements found in § 42-737(a)(1), (a)(2), and (a)(3), respectively. We address the alleged defective documents in turn.

Regarding Allen's arguments that the transmittal request was improper and the Oklahoma order of support was not certified, the record reflects that Allen did not raise these alleged defects before the district court. Additionally, Allen did not object when the State offered the transmittal request from the Oklahoma Department of Human Services to the Nebraska Central Registry, or the support order issued by Oklahoma's Office of Administrative Hearings. We therefore decline to consider whether these documents complied with § 42-737(a)(1) and (a)(2). An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *Thomas v. Peterson*, 307 Neb. 89, 948 N.W.2d 698 (2020).

We now address Allen's argument that the registration did not contain a certified statement by the custodian of the records showing the amount of any arrearage. Allen contends that the payment record included in the registration is defective because the statement was unsigned and uncertified. Allen also argues that the payment record "was rendered meaningless once it was transmitted by facsimile." Brief for appellant at 14.

We agree that the payment record included in the initial registration did not meet the requirements of § 42-737(a)(3). However, the State later offered a copy of a signed and notarized payment record, which included the amount of Allen's arrearage. The payment record noted that the signatory was a custodian of records for Oklahoma's Department of Human Services. Zulkoski testified that she had acquired the payment record directly from the Oklahoma caseworker, who told Zulkoski that it was a certified copy. While Allen objected to the copy of the payment record, arguing that it was not certified, the district court found in its order that the payment record would

be received into evidence "for the purpose of establishing that there is a child support arrearage as reflected by the Oklahoma records."

We find no error in the district court's receipt of the payment record as evidence of Allen's child support arrearage. The copy of the payment record was signed by a custodian of records for Oklahoma's Department of Human Services and was notarized. The payment record established the amount of Allen's child support arrearage in Oklahoma. Because there was sufficient evidence of authentication regarding the copy of the payment record, the district court did not err by admitting the exhibit for the purposes of § 42-737(a)(3).

Regarding Allen's argument that the payment record was "rendered meaningless" once it was transmitted by facsimile, Allen presents case law from various other states to support his contention that a facsimile of a certified copy is not self-authenticating. We need not address this argument, as we have found that the copy of the payment record was sufficiently authenticated. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

Although Allen is correct that the unsigned payment record in the initial registration did not meet the statutory procedural requirements, we find that the payment record offered at the continued hearing, which was signed and notarized, cured the registration's procedural defect. Thus, the requirements set forth in § 42-737(a) were satisfied and the district court was permitted to confirm the registration.

*Hearsay Objection.*

Allen next argues that the affidavit of the service processor was inadmissible, as statements contained in the affidavit were hearsay.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Neb. Rev. Stat. § 27-801(3) (Reissue 2016).

However, under Neb. Rev. Stat. § 25-1244 (Reissue 2016), an affidavit is admissible in certain enumerated situations, including "to prove the service of a summons, notice or other process . . . ." The service processor's affidavit was offered by the State as evidence that Allen had been served in Oklahoma for the original child support action in 2014. While Allen is correct in that the affidavit did contain hearsay, the affidavit was admissible for the State's offered purpose, and thus the district court did not abuse its discretion by admitting the affidavit over Allen's hearsay objection. See *Baker-Heser v. State*, 309 Neb. 979, 963 N.W.2d 59 (2021). This assignment of error fails.

*Alleged Improper Service.*

Allen finally argues that he was "never served with any notice" of the child support proceedings in Oklahoma in 2014. Brief for appellant at 22. Because no process was served, Allen contends that the Oklahoma court did not have personal jurisdiction over him, and thus, the district court here did not have jurisdiction to confirm the registration.

The State offered the service processor's affidavit at the evidentiary hearing on January 11, 2021. While the service processor's affidavit was not certified, the district court concluded in its order that there was no reasonable suspicion regarding its authenticity, and thus the affidavit was

received into evidence. Allen did not object to the affidavit's authenticity at the hearing. The affidavit stated that Allen was personally served with process on March 12, 2014, at an address in Oklahoma City. We note that March 12 was a Wednesday.

In his own affidavit, Allen states that he had received no service of process and was "nowhere near the State of Oklahoma on that date." Allen also testified that from February 2014 to April, he was only in Oklahoma on Fridays, Saturdays, and Sundays, to attend visitation with his children. However, during Allen's cross examination, he conceded that he had appeared at court hearings in Oklahoma in an unrelated matter on weekdays during this timeframe, including on Thursday March 13, the day after service of process was made. Allen additionally testified that he was familiar with the address listed in the service processor's affidavit.

The district court found that Allen did not meet his burden of proof regarding the asserted defenses set forth in §42-742(a), including that the issuing tribunal lacked personal jurisdiction over the contesting party. Implicit in the district court's findings is the determination that Allen was properly served. We defer to the district court's factual finding based on its assessment of the service processor's affidavit and Allen's testimony regarding whether Allen was personally served in March 2014. We conclude that the district court's finding was not clearly incorrect. See *Valley Boys v. American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020). Therefore, the district court did not err when it confirmed the registration of the Oklahoma child support order. See § 42-742(c) (if the contesting party does not establish a defense to the validity or enforcement of a registered support order, the registering tribunal shall issue an order confirming the order).

CONCLUSION

We find that the district court had the jurisdiction to cure a defect in the registration of Allen's foreign support order and to confirm the corrected registration. Further, while the affidavit of service did contain hearsay, the court was permitted to use the affidavit as evidence that Allen had been served in the original action. Therefore, the district court did not err in confirming the registration.

AFFIRMED.